# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**GLEN ODOM**

          **PETITIONER**

V.

**ANNA VALENTINE**

          **RESPONDENT**

**Civil Action No. 3:20CV-00212-JHM-HHB**
SENIOR JUDGE JOSEPH H. MCKINLEY, JR.

## ORDER

The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, and the Court having considered same as well as the objections filed by the Petitioner and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the Petitioner's objections are **overruled**. The Court adopts the Magistrate Judge's Findings of Fact and Conclusions of Law and Recommendations as set forth in the Report.[1]

**IT IS FURTHER ORDERED** that Petitioner's motion to permit expert testimony

---

1 With respect to Odom's sixth ground for relief, the Magistrate Judge cited *Ruelas v. Wolfenbarger* for the proposition that "in th[e Sixth] Circuit . . . *Brecht* is always the test, and there is no reason to ask both whether the state court 'unreasonably' applied" Supreme Court precedent "under the AEDPA" because *Brecht* "is broader and thus 'subsumes'" the AEDPA test.  (D.N. 32, PageID.904 (citing 580 F.3d 403, 412 (6th Cir. 2009)))  A year after the Magistrate Judge issued his recommendation, in April 2022, the Supreme Court decided *Brown v. Davenport* which clarified that it is necessary to answer both questions when granting habeas relief.  142 S. Ct. at 1525. "Proof of prejudice under *Brecht* does not equate to a successful showing under AEDPA."  *Id.*  A petitioner must show that the error had a "substantial and injurious effect" *and* that the trial court's decision was "unreasonable" in light of Supreme Court precedent.  *Id.* at 1524.  In other words, "to grant relief, a court must find that the petitioner has cleared both tests."  *Id.*  And "a federal court must deny relief to a state habeas petitioner who fails to satisfy" either test.  *Id.*  The two inquiries "pose courts with different questions to resolve and require courts to answer those questions based on different legal materials."  *Id.* at 1525. Here, the petitioner failed the *Brecht* test and thus is not entitled to relief.

and to appoint counsel [DN 30] is **denied**.

IT IS FURTHER ORDERED that Petitioner's motion for leave to amend his petition for writ of habeas corpus [DN 31] is **granted in part and denied in part.**

IT IS FURTHER ORDERED the petition for writ of habeas corpus is **denied.**

IT IS FINALLY ORDERED that a Certificate of Appealability is **denied**.

Date: May 18, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

Copies to: Glen Odom, *pro se*
Counsel of record